THE BOARD OF COMMISSIONERS OF LEAVENWORTH COUNTY
v. H. W. HAMLIN AND W. M. FORTESCUE.

1. COMPROMISE OF BONDS; *County Not Bound by Contents of Letter.* Where the board of county commissioners of a county enters an order upon its records that certain railroad. bonds issued by the county be compromised and settled at twenty-five cents for the face and accrued interest, and the chairman of the board and the county clerk of the county are authorized to receive the old bonds and issue new bonds in lieu thereof, in accordance with such order, but before issuing the new bonds the chairman and county clerk have notice by letter from the holder of the bonds that his settlement is upon the condition that if like railroad bonds be compromised at a greater figure than 25 per cent. he is to receive the full benefit of the same, and the chairman and county clerk proceed to issue the new bonds according to the order of the board, which are accepted by the owner, *held,* that neither the board of county commissioners, nor the county of which they are officers, is bound by the contents of such letter.

2. UNAUTHORIZED AGENT, *Not Liable on Contract.* Where A called at the residence of B, who was the owner of certain defaulted county bonds, and without any authority therefor represented he was the agent of the county to compromise its bonds, with power to make agreements for the county to issue new bonds in lieu of the old ones, and under such representations executed an agreement to B to compromise his bonds at twenty-five cents flat, with the condition that if any other of the like bonds should be compromised by the county at a greater figure, B should have the full benefit of the same; and where B parted with his bonds on the terms of the agreement, and transmitted them by A to the county board for such compromise, and thereafter A appeared before the board and induced the board to compromise B's bonds at twenty-five cents on the dollar, including all accrued interest thereon, and the board consented thereto and issued new bonds to B for the old ones, including accrued interest, at twenty-five cents on the dollar, and B accepted the same: *Held,* That B, by accepting the new bonds upon terms different from those stated in the contract executed by A, abandoned such contract, and A cannot be held liable thereon, although he executed the contract without authority and thereafter the county compromised other like bonds at a greater figure than twenty-five cents flat.

*Error from Leavenworth District Court.*

ON the 7th day of February, 1882, *H. W. Hamlin* filed his petition in the district court of Leavenworth county against *W. M. Fortescue* and *The Board of Commissioners of Leaven-*

*worth County*, asking judgment against the said Fortescue or the said board of county commissioners upon a certain alleged agreement contained in the petition, a copy of which is as follows:

"EAST BLOOMFIELD, ONTARIO Co., N.Y., Aug. 1, '79.

"Received of H. W. Hamlin, four $1,000 bonds, numbered 121, 122, 123 and 124, issued by the county of Leavenworth, state of Kansas, to the Platte City & Fort DesMoines railroad, and bearing date of October 1, 1866, for compromise under the provisions of the funding act, and on the terms expressed in the circular of county commissioners of April, 1879; and it is agreed that should any of said bonds be compromised at a greater figure than 25 cents, H. M. Hamlin shall have full benefit of the same.

W. M. FORTESCUE, *For Board of Co. Com.*"

On the 21st of February, 1882, the board of commissioners filed its answer, in which the defendant made a verified denial of the agency of Fortescue and of his authority to execute the alleged agreement. On the 19th of September, 1882, Fortescue filed his answer to the petition. To this answer Hamlin filed a reply containing a general denial, and the board of commissioners also filed its reply, which contained a verified denial of the agency of Fortescue and of his authority to bind the county. The case was tried by the court at the December Term, 1882, a jury having been waived, and the court made the following findings of fact:

"1. That on and before the first day of August, 1879, the plaintiff, H. W. Hamlin, was the owner of four bonds of the denomination of $1,000 each, issued by the county of Leavenworth, to the Platte City & Fort DesMoines railway company, on the 1st day of October, 1866, due in twenty years from date, bearing interest at the rate of seven (7) per cent. per annum, payable semi-annually. That the accrued interest on each of said bonds at such time was one hundred and seventy-five ($175) dollars.

"2. That on or about the 1st day of August, 1879, the defendant, W. M. Fortescue, called upon the plaintiff at his residence in East Bloomfield, Ontario county, state of New York, and then and there stated and represented that he was the duly authorized and empowered agent of the county of

Leavenworth to compromise its railroad bonded indebtedness, and that he had the authority to make the agreement of the date of August 1, 1879, set out in plaintiff's petition herein, and here referred to as part of this finding.

"3. That the plaintiff delivered up his said bonds for compromise. That he delivered the said bonds to W. M. Fortescue, who personally delivered the same on or about the —— day of August, 1879, to J. W. Niehaus, the county clerk of the county of Leavenworth, together with a letter from the plaintiff stating the terms and conditions upon which the bonds were delivered up to be compromised. A copy of which letter is attached to the answer of W. M. Fortescue, filed in this cause as an exhibit, and which said exhibit is made a part of this finding of fact.

[The exhibit here referred to is as follows:

'EAST BLOOMFIELD, ONTARIO Co., N. Y.

'This is to certify that I have this day compromised my four 1,000-dollar bonds numbered 121, 122, 123, 124, issued by the county of Leavenworth, state of Kansas, to the Platte City & Fort DesMoines railroad, on the terms expressed in circular issued by the county commissioners on April, 1879, at 25 cents flat.

'It is also agreed that should any of the said railroad bonds be compromised at a greater figure than above, then I shall receive full benefit of the same. H. W. HAMLIN.

'Attest: WM. T. SWART.']

"Said bonds and letter were delivered together · in one package to the county clerk, who received such package in person, and who saw and read said letter at the time the package was delivered.

"4. That on or about September 1, 1879, the board of county commissioners of the county of Leavenworth ordered new bonds to be issued to said H. W. Hamlin, at the rate of twenty-five cents on the dollar, for principal and accrued interest on said bonds so offered to be compromised, which, at the rate of twenty-five cents on the dollar with accrued interest, amounted to $1,175, and new bonds were issued of the face value of $1,200, because no bond could be issued for the fractional part of $100, said H. W. Hamlin paying to the county $25 upon receipt of said bonds for $1,200; that said Hamlin, since receiving said new bonds, has collected the interest on them, according to their tenor and effect.

"5. That the chairman of the board of county commissioners, before he signed said bonds for $1,200, saw the original letter accompanying said bonds from the plaintiff, and read it and knew the contents thereof; a copy of which is at-

tached, as aforesaid, to the answer of W. M. Fortescue, filed in this suit.

"6. That the chairman of the board of county commissioners, and the county clerk of the county of Leavenworth, were authorized by the board of county commissioners of the county of Leavenworth to receive outstanding railroad bonds for compromise, and to compromise the same *substantially according to the circular* of A. D. 1879, of the board of county commissioners of the county of Leavenworth, and to issue new bonds in lieu of the old bonds so compromised; that W. M. Fortescue was the agent of the plaintiff only to deliver the said bonds for compromise, according to the agreement which is made a part of the second finding of fact herein, and to secure the addition of accrued interest to the amount of new bonds to be issued to plaintiff, but was not the agent of the board of county commissioners in the transaction, further than to solicit the transmission of the bonds for compromise upon the terms mentioned in the circular of 1879. The terms of compromise offered by said county in said pamphlet were for said Platte City & Fort Des Moines bonds, twenty-five cents on the dollar flat, that is, new bonds at twenty-five cents on the dollar of the old ones to be surrendered, running thirty years, with six per cent. interest per annum.

"7. On the 1st day of September, 1879, said Fortescue appeared before the board of county commissioners of said county, at its regular session, on behalf of said Hamlin, and requested the board to include the accrued interest on said bonds, which request was then and there granted by said commissioners, and the following resolution concerning the same was duly passed and placed upon the record of said board, to wit:

'W. M. Fortescue, mayor, presented statement that he had received $5,000 of Platte City & Fort Des Moines railroad bonds for compromise at twenty-five cents on the dollar, providing the accrued interest was allowed. Thereupon it was ordered upon motion of Commissioner Richards that said accrued interest be allowed, and new bonds be issued in lieu thereof for principal and accrued interest, at 25 per cent.'

"8. On each of said bonds was the following indorsement:

'This bond was compromised this 2d day of August, 1879, according to the provisions of the memorial of the county commissioners, issued April, 1879.
                                W. M. FORTESCUE,
                                  *Per County Commissioners.*'

"And two of said bonds had the name of H. W. Hamlin,

written by W. M. Fortescue, also attached to said indorsement.

"9. That afterward, and in the month of May, 1880, the said board of county commissioners of the county of Leavenworth receded from the terms of their circular of April, 1879, relating to the compromise for twenty-five cents on the dollar of the bonds issued to the Platte City & Fort Des Moines railway company, and compromised over $150,000 of such bonds, being the same series of bonds as the plaintiff's, at fifty cents on the dollar, on the principal and accrued interest thereon, by issuing new thirty-year bonds bearing interest at the rate of 6 per cent. per annum, payable semi-annually.

"10. That afterward, and before the institution of this suit, the plaintiff demanded of W. M. Fortescue the additional 25 per cent. on his bonds so compromised, which said W. M. Fortescue refused to pay; and also, before the institution of this suit, demanded of said board of county commissioners that they carry out the aforesaid agreement of August 1, 1879, referred to in the second finding of fact herein, and issue to him the additional 25 per cent. of bonds, upon his bonds delivered up to be compromised upon the same terms and conditions as the compromise of May, 1880, upon the same series of bonds, or in lieu thereof to pay to him $1,175, together with annual interest thereon from May, 1880, payable semi-annually. Said board then and there refused to issue such additional bonds, or to pay the said plaintiff said 25 per cent. or any sum whatever.

"11. That the new bonds so issued upon compromise of said railroad bonded indebtedness are worth one hundred cents on the dollar, face value, and are of the market value of one hundred cents on the dollar."

And thereon the court found as conclusions of law:

"That the plaintiff is entitled to a judgment against the board of county commissioners of the county of Leavenworth; that the contract of August 1, 1879, be specifically performed by issuing to the plaintiff the additional twenty-five per cent. of bonds based upon the plaintiff's old bonds so delivered up to be compromised, of the like series of bonds so compromised as specified in the seventh finding of fact herein, in May, 1880, and for costs of suit against the board of county commissioners of the county of Leavenworth; that the plaintiff is not entitled to judgment against W. M. Fortescue, and

that he go hence without day, and have and recover his costs herein."

Judgment having been rendered against the *Board of County Commissioners,* it brings the case here.

*Thos. P. Fenlon,* county attorney, and *Wm. Dill,* for plaintiff in error.

*Lucien Baker,* for defendant in error Hamlin.

*E. Stillings,* for defendant in error Fortescue.

The opinion of the court was delivered by

HORTON, C. J.: It is clearly apparent from the findings of the trial court, that Fortescue had no authority from the county commissioners of Leavenworth county to execute the agreement of August 1, 1879, providing that if any of the bonds issued by Leavenworth county to the Platte City & Fort Des Moines railroad company should be compromised at a greater figure than twenty-five cents, Hamlin should have the full benefit thereof. When Fortescue appeared before the board on September 1, 1879, and made the request to have the accrued interest on the bonds included with the principal, he did not call the board's attention to his agreement of August 1, or present any copy thereof; and the order entered upon his request merely provided that new bonds were to be issued in lieu of the old ones for principal and interest, at twenty-five cents on the dollar. Neither the contract of August 1, 1879, nor the letter of Hamlin accompanying the bonds, was ever brought to the attention of the board of commissioners while in session, prior to the issuance of the new bonds to Hamlin and his acceptance thereof. No member of the board seems to have known anything about the contract of August 1, before the issuance of the new bonds, and only the chairman and the county clerk saw the letter of Hamlin accompanying the old bonds. As "the powers of a county are vested in a board of commissioners as a corporate entity, and not in the commissioners separately and as individual officers," (*Railway Co. v. Comm'rs of Anderson*

*County,* 16 Kas. 302,) the knowledge of the chairman of the board, and of the county clerk, of the contents of the letter of Hamlin accompanying the bonds, did not bind the board or the county of Leavenworth, or authorize the chairman or county clerk to issue any bonds upon the terms therein stated. The board of county commissioners of Leavenworth county never authorized the contract of August 1, 1879, never ratified it after it was executed, and never accepted the bonds of Hamlin upon condition that if like bonds were compromised at a greater sum than twenty-five cents on the dollar he should have the full benefit of the same; therefore the plaintiff, upon the findings of fact, was not entitled to judgment against the board of county commissioners.

Again, for another reason he was not entitled to judgment. The bonds were not compromised under the terms of the contract of August 1, 1879, or of the letter accompanying the bonds. More of this hereafter.

Hamlin has filed a cross-petition in error, asking, upon the record before us, that judgment be rendered in his favor and against the defendant W. M. Fortescue. His argument is, that if Fortescue exceeded his authority and the board has not ratified his acts, as he has been injured thereby, that Fortescue is liable. It appears from the findings that the bonds held by Hamlin were never compromised under the terms of the contract of August 1, 1879, or the letter accompanying the bonds and delivered to the county clerk. On the first of September, 1879, Fortescue appeared before the board of county commissioners, at a regular session of the board, and on behalf of Hamlin requested the board to include the accrued interest on the bonds which he presented, and thereupon an order was entered that new bonds be issued in lieu of the old bonds, for principal and accrued interest at 25 per cent. Under the terms of the contract of August 1, 1879, and the letter accompanying the bonds, Hamlin was entitled, in the first instance, to have his bonds compromised at 25 cents flat only. Under the order of the board of county commissioners he was allowed the accrued interest on his bonds,

and at the time of surrender there was $175 of interest due on each of the bonds.   Instead therefore, of Hamlin obtaining new bonds for $1,000, to which he was entitled under the contract of August 1, 1879, he actually received new bonds to the amount of $1,175.   After accepting these bonds he cannot say that Fortescue is liable in making a contract without authority therefor, because such contract was changed with the consent of Hamlin, or what is the same, Hamlin obtained a compromise of his bonds upon better conditions in the first instance than those proposed to him by the agreement of Fortescue, and having accepted the new bonds, he is in no condition now to complain.

Counsel however urges that the finding that Fortescue was Hamlin's agent to secure the accrued interest to be added to the bonds issued to him, is not sustained by the evidence, because he alleges his action in that regard was without his knowledge, consent, or ratification.   We think the evidence does not affirmatively show that Fortescue made the request to the board to include the accrued interest on Hamlin's bonds, under his direction; but Fortescue did not appear before the board for his own benefit, or for the benefit of the county of Leavenworth, but in the interest of Hamlin solely; and when Hamlin accepted the new bonds with the knowledge that he was obtaining bonds to the amount of $1,175, in place of bonds to the amount of $1,000, as called for by his contract with Fortescue, he accepted such bonds with the knowledge that he had been allowed the accrued interest on his old bonds, and his acceptance of the new bonds under the circumstances must be regarded as a ratification of the action of Fortescue in appearing before the county board and obtaining the allowance of accrued interest.   At the time of compromising the bonds, undoubtedly Hamlin congratulated himself upon obtaining better terms in the first instance than his contract called for, and having, by his acceptance of the bonds, abandoned his old contract executed by Fortescue, now that the county board has compromised other bonds at

a greater figure than twenty-five cents flat, he cannot resurrect his old contract and seek to make Fortescue liable.

Further, it is somewhat doubtful whether the finding of the court that Fortescue stated and represented he had the authority to make the contract he executed to Hamlin was sustained by the evidence introduced upon the trial. Fortescue testified that when he called upon Hamlin at his home in East Bloomfield, New York, he had with him the printed pamphlet or circular of the · board of commissioners of Leavenworth county, and that he showed this pamphlet to Hamlin. This acquainted Hamlin with the terms offered by Leavenworth county for the compromise of its bonds.

Judgment against Fortescue will be denied.

The judgment of the district court must be reversed, and the cause remanded with the direction to enter judgment upon the findings in favor of the board of county commissioners.

All the Justices concurring.